# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ALLERGAN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:15-cv-1455-WCB |
| | § | |
| TEVA PHARMACEUTICALS USA, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Mylan Pharmaceuticals Inc., and Mylan Inc.'s Motion to Limit the Number of Asserted Patent Claims, Dkt. No. 238. In reliance on the representations made by plaintiff Allergan, Inc., as to the reductions it will make in the number of its asserted claims, the Court DENIES the motion.

## BACKGROUND

Allergan initially asserted a total of 157 claims in six patents in this case. After the Court urged Allergan to reduce the number of asserted claims, Allergan lowered the number by about 20 percent to 126 claims. Mylan then filed the present motion seeking to require Allergan to further reduce the number of its asserted claims in accordance with this district's Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20. Mylan urged the Court to order Allergan to drop all but 16 of its claims by the close of fact discovery. Allergan argued that forcing it to reduce the number of its asserted claims on that schedule and to that degree would be highly prejudicial to it. In its surreply brief, however, Allergan has represented that it will reduce the number of asserted claims to 25 within one week of receiving the defendants'

1

final non-infringement and invalidity contentions, and that it will reduce the number of asserted claims to no more than 15 within two weeks of the close of expert discovery. Allergan's offer has substantially narrowed the scope of the parties' dispute, converting it into an issue focused on the timing of the reduction in claims rather than on the total number of asserted claims.

## DISCUSSION

This district's Order Focusing Patent Claims and Prior Art addresses the problem that arises when patentees assert a large number of claims or accused infringers assert a large number of prior art references in patent litigation. The Order requires the parties to reduce the asserted claims to a manageable number and likewise to reduce the prior art references to a reasonable number. With respect to the number of claims, the core requirement of the Order is that "[n]o later than 28 days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent . . . and no more than a total of 16 claims."

Courts in this district, in appropriate circumstances, have required patentees to reduce the number of asserted claims, both before and after the issuance of the Order Focusing Patent Claims. See VirnetX Inc. v. Apple, Inc., No. 6:12-cv-855, Dkt. No. 283, at 1 (E.D. Tex. Oct. 29, 2015); Commonwealth Sci. & Indus. Research Org. v. Mediatek Inc., No. 6:12-cv-578, Dkt. No. 672, at 2 (E.D. Tex. June 5, 2015); Konami Digital Ent. Co., Ltd. v. Harmonix Music Sys., Inc., No. 6:08-cv-286, Dkt. No. 247, at 2, 5 (E.D. Tex. Feb. 3, 2010); Widevine v. Verimatrix, 2:07-cv-321, at 2 (E.D. Tex. Dec. 28, 2009) (Rader, J., sitting by designation); Negotiated Data Solutions, LLC v. Dell, Inc., No. 2:06-cv-528, Dkt. No. 105, at 1 (E.D. Tex. July 31, 2008); Hearing Components, Inc. v. Shure, Inc., No. 9:07-cv-104, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008); Kawasaki Heavy Indus., Ltd. v. Bombardier Recreation Prods., Inc., No. 5:06-

cv-222, at 1 (E.D. Tex. Jan. 22, 2007); Data Treasury Corp v. Wells Fargo & Co., No. 2:06-cv-72, at 3-5 (E.D. Tex. Oct. 25, 2006).

A court must exercise the authority to order a reduction in the number of asserted claims with care not to prejudice the patentee, particularly in light of the fact that each of the claims of a patent embodies a property right. The Federal Circuit, while approving a district court order limiting the number of claims to be tried, has emphasized that claim reduction should not be ordered "too early in the discovery process" because doing so would deny the patentee "the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses." In re Katz, 639 F.3d 1303, 1309 (Fed. Cir. 2011).

The Court is satisfied that Allergan's proposed reductions in the number of its asserted claims is reasonable and satisfies the objectives of this district's Order Focusing Patent Claims and Prior Art while avoiding prejudice to Allergan. The defendants' final non-infringement contentions were served on Allergan on January 12, 2017, and the defendants' final invalidity contentions are to be served on Allergan by February 1, 2017. Opening expert reports are due on March 2, 2017, and expert discovery is scheduled to close on May 9, 2017. As noted, Allergan proposes that within one week of receiving the defendants' final invalidity contentions, it will reduce to no more than 25 the number of its asserted claims, and within two weeks of the close of expert discovery it will reduce to no more than 15 the number of its asserted claims. That schedule will give the defendants 22 days between the service of their final invalidity contentions and the service of opening expert reports. The defendants can increase that period if they serve their final invalidity contentions prior to the February 1, 2017, deadline. Twenty-five claims is not an unmanageable number for an expert to address in an opening report, and 22 days (or more

if the defendants serve their invalidity contentions early) is not an unreasonably short period of time in which to do so.

The further reduction of the number of asserted claims to no more than 15 within two weeks of the close of expert discovery is also reasonable. The Court views 15 as a reasonable number of claims for trial, and postponing the reduction in the number of asserted claims from 25 to 15 until after the close of expert discovery allows Allergan to select its claims for trial with a relatively settled record as to the defendants' positions on non-infringement and invalidity, so as to minimize the risk that Allergan will drop claims that end up being important to its infringement case at trial. Finally, in light of Allergan's agreement to limit itself to 15 claims, and given that the patents are quite similar, the Court sees no reason to impose an additional restriction on the number of claims to be asserted from each patent.

In its opposition, Dkt. No. 246, at 8, and in its sur-reply brief, Dkt. No. 261, at 4, Allergan urges that the Court similarly require Mylan to reduce the number of prior art references on which it is relying for its invalidity defenses. The Court notes that the Order Focusing Patent Claims and Prior Art to Reduce Costs applies by its terms not only to the number of patent claims asserted by patentees, but also to the number of prior art references asserted by accused infringers. See Order at 2 ("No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, the patent defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references.").

The issue of the reduction in the number of prior art references has not been fully briefed, and the Court is not in a position at this time to enter an order directing with specificity how

many prior art references the defendants should be allowed to assert.  Nonetheless, the venerable legal principle that "what is sauce for the goose is sauce for the gander" applies here.  See Heffernan v. City of Paterson, N.J., 136 S. Ct. 1412, 1418 (2016).  The parties (including not just Mylan, but the other defendants as well) are directed to meet and confer in an effort to reach agreement as to the number of prior art references the defendants will be allowed to assert.  If the parties cannot reach agreement and Court intervention is needed, the Court will address the question after full briefing of the issue.

IT IS SO ORDERED.

SIGNED this 26th day of January, 2017.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE