**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ALLERGAN, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br>AKORN, INC., MYLAN PHARMACEUTICALS<br>INC., and MYLAN INC.,<br><br>        Defendants. | Civil Action No. 2:15-cv-1455-WCB<br><br>(Consolidated) LEAD CASE<br><br>JURY TRIAL DEMANDED<br><br>**FILED UNDER SEAL** |

**DEFENDANTS' SURREPLY TO ALLERGAN'S MOTION TO STRIKE CERTAIN**
**PRIOR ART IN THE EXPERT REPORT OF ANDREW CALMAN, M.D.**

Allergan misses the point of Defendants' Opposition—the Disputed References[1] are not used as §§102 or 103 art, meaning Dr. Calman *does not* rely on these references for Defendants' affirmative case of obviousness or anticipation.  Rather, these references *rebut* Allergan's affirmative positions on secondary considerations of nonobviousness.  Allergan has made no legal showing that Defendants are prohibited from using publicly available sources in this manner because it cannot.  Dr. Calman's use of the Disputed References is in line with the Local Patent Rules and this District's rulings.

## I.       THE DISPUTED REFERENCES ARE NOT USED AS §§ 102 OR 103 ART

Defendants are permitted to use the Disputed References to rebut Allergan's positions regarding secondary considerations of nonobviousness.  Yet, Allergan endeavors to undercut Defendants' rebuttal with a misaimed motion to strike that attempts to paint the Disputed References as "undisclosed" or "unselected" references that serve as a basis for "Defendants' obviousness position."  Doc. No. 354 ("Reply") at 2.  Allergan is wrong.

*First*, Dr. Calman does not affirmatively rely on the Disputed References in any obviousness combination supporting his invalidity opinion, nor does he assert them as anticipatory.   Therefore *Monarch Knitting* and *Medtronic* apply here.  *Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 883-84 (Fed. Cir. 1998) (disclosures that may not qualify as §§102 or 103(a) art and/or teach away may be relevant to the question of obviousness as a secondary consideration, *e.g.*, unexpected results, long-felt, but unmet need, and skepticism); *Medtronic Vascular Inc. v. Abbott Cardiovascular Sys., Inc.*, 614 F. Supp.2d 1006, 1028-29 (N.D. Cal. 2009) ("[E]ven if the references are not admissible as prior art, they are

---

[1] "Disputed References" refers to the sum of references listed in footnotes 1 and 2 of Allergan's Reply.

nonetheless admissible as evidence of both the ordinary level of skill in the art, and as a secondary consideration relating to obviousness."); *see also Ziilabs Inc., Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:14-cv-203-JRG-RSP, 2015 WL 7303352, at *2 (E.D. Tex. Aug. 25, 2015) (allowing reliance on undisclosed art to describe background material, state of the art, and what a person of ordinary skill would know at the time of invention); *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, No. 6:11-cv-455, 2013 WL 5934471, at *1 n.1 (E.D. Tex. Sept. 11, 2013) (explicitly noting that references not used for invalidating purposes may be used for other purposes, including "the level of ordinary skill in the art, background of the technology at issue, or a motivation to combine references").  Defendants do not use the Disputed References as *invalidating prior art* to make a showing of obviousness, and tellingly, Allergan does not contend the Disputed References serve as the basis for obviousness combinations or anticipatory art.  Accordingly, Dr. Calman's use of these references is permissible and there is no basis for Allergan's motion.

*Second*, Allergan's case law references, *LML Patent Corp.* and *Tyco*, are inapposite. Allergan fails to acknowledge that *LML Patent Corp.* and *Tyco* concern last-minute disclosures of prior art references intended to obviate or anticipate asserted claims.  *See LML Patent Corp. v. JPMorgan Chase & Co.*, No. 2:08-cv-448, 2011 WL 5158285, at *7 (E.D. Tex. Aug. 11, 2011) (striking "twenty-eight new obviousness combinations"); *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:06-cv-151, 2009 WL 5842062, at *3 (E.D. Tex. Mar. 30, 2009) (striking expert testimony regarding defendant's last-minute disclosure of new obviousness combinations). This is not the case here because the Disputed References are not §§102 or 103 references, nor does Dr. Calman offer any new obviousness combinations or anticipatory references.  Thus, *LML Patent Corp.* and *Tyco* do not provide any basis for Allergan's motion.

*Third,* Allergan again ignores that the Disputed References are actually offered to rebut *unexpected results*. While Allergan alleges that the Disputed References are offered to show a "motivation to increase the amount of castor oil," Allergan is wrong to argue that the Court should not consider the Disputed References to rebut Allergan's secondary considerations arguments.  *See* Reply at 2 n.3, 3 n.4.  As Defendants noted in their Opposition (Doc. No. 347, "Opp."), Allergan asserts that "there was no reason for a person of skill in the art to double the amount of castor oil disclosed in the prior art formulations" because increasing the amount of castor oil allegedly produced unexpected results.  Opp. at 2; *see also e.g.*, Doc. No. 347-2 at 7-10.  Therefore, to the extent any Disputed Reference addresses castor oil amounts (*see* Opp. at 4-5), it is to rebut Allergan's assertion of unexpected results.

*Fourth*, Defendants need not have selected or disclosed the Disputed References in their invalidity contentions to use them to rebut Allergan's allegations of secondary considerations. Indeed, secondary considerations are a part of the obviousness *analysis*, but not Defendants' affirmative obviousness case.  L.P.R. 3-3 does *not* require that parties disclose references intended to rebut secondary considerations: "'Invalidity Contentions' . . . must contain the following information: (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. . . ."  *See also id.* (further citing §§ 102(b), 102(f), 102(g), and 112); *accord Pozen Inc. v. Par Pharm., Inc.*, No. 6:08-cv-437-LED-JDL, 2010 WL 11431483, at *8 (E.D. Tex. June 8, 2010) ("Patent Rule 3-3 does not discuss or otherwise require that an expert's assessment of the background technology be charted and disclosed in its invalidity contentions unless those references are relied upon for the express purpose of invalidating the patents-in-suit.").  Therefore, Dr. Calman's reliance on the Disputed References is well within the bounds of the Local Patent Rules and this District's precedent.

## II.      THERE IS NO PREJUDICE TO ALLERGAN

Allergan attempts to concoct some sort of prejudice, but there is none.  Allergan admits

that four of the Disputed References were disclosed in Defendants' invalidity contentions.  Reply

at 1 and n.2.  The remaining six references are of no surprise to Allergan; they address secondary

considerations Allergan asserted in interrogatory responses served *after* Defendants served their

first amended invalidity contentions.[2]  As to the remaining few references, these background

references were disclosed in Dr. Calman's report, served March 28, 2017.  Thus, Allergan has

had the "opportunity to adequately defend against these references at trial."  *Pozen*, 2010 WL

11431483, at *5.  For example, Allergan has had ample time to review these references and

submit rebuttal expert reports regarding the same.  *Id.*  Further, Allergan's counsel has had the

opportunity to cross examine Dr. Calman as to all Disputed References.  Allergan does not

dispute that it has had the opportunity to review these references, nor does it dispute that it

asserted, *inter alia*, the secondary considerations of nonobviousness of unexpected results and

long-felt but unmet need.  *See* Reply.  Thus, the Disputed References—which are not asserted as

invalidating prior art—present no prejudice or surprise to Allergan.

Nor does including these references amount to a "waste of time and resources," as

Allergan suggests.[3]  *Id.* at 4.  As stated above, these Disputed References are relevant to

---

[2] When Defendants served their initial invalidity contentions, Defendants did not know
which, if any, secondary considerations Allergan would proffer.  *See* P.R. 3-8(c)-(e) (requiring
defendants provide invalidity and non-infringement contentions before plaintiff serves
infringement contentions).  Any subsequent amendments to Defendants' invalidity contentions
were limited to responding to Allergan's amended infringement contentions, the Claim
Construction Order and/or addition of the '191 patent.  *See* P.R. 3-6(a)(2); *see also Pozen*, 2010
WL 11431483, at *3-4 (stating defendants may not *carte blanche* amend invalidity contentions
because plaintiff amended infringement contentions pursuant to the Claim Construction Order).

[3] It is Allergan who wasted Defendants'—and the Court's—time and resources in this case.
After Allergan originally asserted 157 claims in six patents, the Court "urged Allergan to reduce

Defendants' rebuttal of Allergan's alleged secondary considerations of nonobviousness.  Again, this is not a situation where Allergan is hard-pressed for time to address some newly-disclosed obviousness combinations.  *E.g.*, *LML Patent Corp.*, 2011 WL 5158285, at *7; *Tyco*, 2009 WL 5842062, at *3.  Defendants' asserted grounds of invalidity based on §§ 102 and 103 prior art have been properly and timely asserted in this case pursuant to the Local Rules.  None of the Disputed References are being relied upon as additional asserted grounds.  Therefore, there is no legally cognizable prejudice to Allergan from Dr. Calman's reference to the Disputed References.

### III.    CONCLUSION

Accordingly, Allergan's motion to strike portions of Dr. Calman's expert report and request to restrict his testimony should be denied.

---

the number of asserted claims."  Doc. No. 265 at 1.  Only then did Allergan reduce the number of asserted claims to 126.  *Id.*  Only after compelling Defendants to engage in motion practice to further reduce the number of asserted claims—claims that are largely duplicative—has Allergan reduced the number of claims to a manageable number for trial.  *See id.*

Dated: June 27, 2017

 /s/ *J.C. Rozendaal*
J.C. Rozendaal (*pro hac vice*)
Michael E. Joffre (*pro hac vice*)
Pauline M. Pelletier (*pro hac vice*)
R. Wilson Powers III (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX
P.L.L.C.
1100 New York Ave. NW, Suite 600
Washington, DC 20005
Tel: 202-371-2600
Fax: 202-371-2540
jcrozendaal@skgf.com
mjoffre@skgf.com
ppelletier@skgf.com
tpowers@skgf.com

Louis B. ("Brady") Paddock
Texas Bar No. 00791394
NIX, PATTERSON & ROACH L.L.P.
2900 St. Michael Drive, Ste. 500
Texarkana, TX 75503
(903) 223-3999
(903) 223-8520 (fax)
bpaddock@nixlawfirm.com

**COUNSEL FOR DEFENDANT
TEVA PHARMACEUTICALS USA, INC.**

Respectfully submitted,

 /s/ *Anna G. Phillips*
Douglas H. Carsten
Wendy Devine
Christina E. Dashe
Alina L. Litoshyk
Nellie J. Amjadi
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real, Suite 200
San Diego, CA 92130-3002
Tel: 858-350-2300
Fax: 858-350-2399
dcarsten@wsgr.com
wdevine@wsgr.com
cdashe@wsgr.com
alitoshyk@wsgr.com
namjadi@wsgr.com

Anna G. Phillips
Texas Bar No. 24090329
WILSON SONSINI GOODRICH & ROSATI
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746-5546
Tel: 512-338-5400
Fax: 512-338-5499
anphillips@wsgr.com

Melissa Smith
Allen Franklin Gardner
GILLAM & SMITH LLP
303 S. Washington Ave.
Marshall, Texas 75670
Tel: 903-934-8450
Fax: 903-934-9257
melissa@gillamsmithlaw.com
allen@gillamsmithlaw.com

**COUNSEL FOR DEFENDANTS MYLAN
PHARMACEUTICALS INC. AND
MYLAN INC.**

 /s/ *Azadeh Kokabi*

Michael R. Dzwonczyk
Azadeh Kokabi
Mark Boland
SUGHRUE MION PLLC
2100 Pennsylvania Ave NW, Suite 800
Washington, DC 20037
Tel: 202-293-7060
Fax: 202-293-7860
mdzwonczyk@sughrue.com
akokabi@sughrue.com
mboland@sughrue.com

Earl Glenn Thames, Jr.
POTTER MINTON
110 N College Avenue, Suite 500
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
glennthames@potterminton.com

**COUNSEL FOR DEFENDANT
AKORN, INC.**

 /s/ *Stephen R. Smerek*

Stephen R. Smerek (*pro hac vice*)
Shilpa Coorg (*pro hac vice*)
Jason Craig Hamilton (*pro hac vice*)
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Tel: 213-615-1933
Fax: 213-615-1750
ssmerek@winston.com
scoorg@winston.com
jhamilton@winston.com

Charles B. Klein (*pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006
Tel: 202-282-5977
Fax: 202-282-5100
cklein@winston.com

Deron R. Dacus
Peter Aaron Kerr
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: 903-705-1117
Fax: 903-581-2543
ddacus@dacusfirm.com
pkerr@dacusfirm.com

**COUNSEL FOR DEFENDANT
INNOPHARMA, INC.**

/s/ *Peter Curtin*

William A. Rakoczy
Peter Curtin
Paul J. Molino
John D. Polivick
Kevin P. Burke
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
Tel:  (312) 222-6301
Fax:  (312) 222-6321
wrakozcy@rmmslegal.com
pcurtin@rmmslegal.com
paul@rmmslegal.com
jpolivick@rmmslegal.com
kburke@rmmslegal.com

Eric H. Findlay
Texas Bar No. 00789886
Walter Wayne Lackey, Jr.
Texas Bar No. 24050901
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite900
Tyler, TX 75702
Tel:  (903) 534-1100
Fax:  (903) 534-1137

**COUNSEL FOR DEFENDANT
FAMY CARE LIMITED**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 27, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


*/s/ Melissa R. Smith*
Melissa Smith


## **CERTIFICATE OF SEALING**

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.


*/s/ Melissa R. Smith*
Melissa Smith