# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ALLERGAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., AKORN, INC., MYLAN PHARMACEUTICALS INC., and MYLAN INC., <br><br> Defendants. | Civil Action No. 2:15-cv-1455-WCB <br><br> (Consolidated) LEAD CASE <br><br> JURY TRIAL DEMANDED |

**MYLAN PHARMACEUTICALS INC., AND MYLAN INC.'S NOTICE REGARDING ALLERGAN'S NOTICE OF CORRESPONDENCE TO COURT**

On September 8, 2017, after completing the trial in this Court and one week before the scheduled *inter partes* review hearing, Allergan issued press releases, media statements, and alerted the Court to a same-day assignment of the patents-in-suit to Saint Regis Mohawk Tribe. Although Allergan failed to mention the reason for the sudden assignment of its patents covering Restasis® in its Court notification, it has admitted in other forums that the intent is to employ Native American sovereign immunity and attempt to cut-off pending validity challenges with the Patent Office. (Ex. 1 and 2). Allergan's desperate tactic further demonstrates what was presented in detail at the trial held in this matter, that the patents covering Allergan's Restasis® product are invalid.

The Patent Trial and Appeal Board instituted review of Allergan's patents nine months ago, on December 8, 2016 (Doc. No. 209). Oral argument in the *inter partes* proceedings is currently set for September 15, 2017. On September 8, 2017, the same day as the assignment of the patents-in-suit and Allergan's notice to this Court, Saint Regis Mohawk Tribe made a special

appearance in the *inter partes* review proceedings, seeking to stay those proceedings pending resolution of a motion to dismiss based on purported sovereign immunity. Ex. 3. Mylan will vigorously oppose this transparent delay tactic before the Patent Trial and Appeal Board.

Allergan's assignment of the patents-in-suit one week prior to the Patent Trial and Appeal Board hearing and while this Court is considering the evidence presented at the recent trial, is nothing less than a transparent, last minute attempt to shield the patents-in-suit from inevitable cancellation. Indeed, that Allergan is attempting to misuse Native American sovereignty to shield invalid patents from cancellation is further evidenced by the fact that Allergan paid the Saint Regis Mohawk tribe to take the assignments. Ex. 1 ("Under the terms of the agreement, the Tribe will receive $13.75 million upon execution of the agreement. Additionally, the Tribe will be eligible to receive $15 million in annual royalties.")

Mylan continues to examine these issues, including whether Allergan's tactic implicates anti-competitive recourse and whether the new assignment impacts the pending litigation. In the meantime, we are willing to meet with Your Honor should the Court have any questions or concerns regarding the matter at this time.

Dated: September 11, 2017

Respectfully submitted,

/s/ *Wendy Devine*
Douglas Carsten)
Wendy Devine
Christina Dashe
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real, Suite 200
San Diego, CA 92130-3002
Phone: (858) 350-2300
Fax: (858) 350-2399
dcarsten@wsgr.com
wdevine@wsgr.com
cdashe@wsgr.com

>Anna G. Phillips (TX Bar No. 24090329)
>WILSON SONSINI GOODRICH & ROSATI
>900 South Capital of Texas Highway
>Las Cimas IV, Fifth Floor
>Austin, TX 78746-5546
>Phone: (512) 338-5400
>Fax: (512) 338-5499
>anphillips@wsgr.com
>
>Melissa Smith
>GILLAM & SMITH LLP
>303 S. Washington Ave.
>Marshall, Texas 75670
>Tel. 903.934.8450
>Fax 903.934.9257
>melissa@gillamsmithlaw.com
>
>*Counsel for Defendants*
>*Mylan Pharmaceuticals Inc. and*
>*Mylan Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 11th day of September, 2017.

>*/s/ Melissa R. Smith*
>Melissa R. Smith